UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 03-168

AVERY VICTOR JENKINS                        SECTION "R"

## ORDER AND REASONS

Before the Court is petitioner Avery Victor Jenkins' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court DENIES petitioner's motion.


## I. BACKGROUND

On September 30, 2003, a jury found Jenkins guilty of armed bank robbery and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a) & (d) and § 924(c)(1). On April 14, 2004, the Court sentenced Jenkins to a total of 171 months imprisonment. On April 20, 2003, petitioner filed a timely notice of appeal. On May 10, 2005, the Fifth

Circuit Court of Appeals affirmed petitioner's convictions. *See*

*United States v. Jenkins*, No. 04-30429 (5th Cir. May 10, 2005).

Jenkins did not petition for a writ of certiorari, and the

conviction thus became final on August 10, 2005. Petitioner now

moves the Court to vacate, set aside, or correct his sentence

under Section 2255.


**II. DISCUSSION**

    **A.   Timeliness**

    Section 2255 provides as follows:

    A 1-year period of limitation shall apply to a motion
under this section. The limitation period shall run
from the latest of--

(1) the date on which the judgment of conviction
becomes final;
(2) the date on which the impediment to making a motion
created by governmental action in violation of the
Constitution or laws of the United States is removed,
if the movant was prevented from making a motion by
such governmental action;
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or
(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255. Although this motion was received by the Court

on August 15, 2006, more than a year after petitioner's

conviction became final, it appears that petitioner mailed the

2

instant motion on August 3, 2006.  Petitioner therefore timely
filed his Section 2255 petition.

**B.    Procedural Bar Against Claim of Coerced Confession**

"Relief under 28 U.S.C. § 2255 is reserved for
transgressions of constitutional rights and for a narrow range of
injuries that could not have been raised on direct appeal and
would, if condoned, result in a complete miscarriage of justice."
*United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996)
(quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.
1992) (per curiam)).  Claims that have been raised and considered
on direct appeal may be dismissed without reconsideration of the
merits when rehashed again in a collateral attack unless
immediate disposal of the issue would be a disservice to the ends
of justice.  *See United States v. Vaughn*, 955 F.2d 367, 368 (5th
Cir. 1992); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.
1986) ("It is settled in this Circuit that issues raised and
disposed on in a previous appeal from an original judgment of
conviction are not considered in § 2255 Motions.").

The Government submits, and this Court agrees, that Jenkins'
first basis for Section 2255 relief constitutes nothing more than
an attempt to raise the same issue that was raised on direct
appeal, and that the claim is therefore procedurally barred.  *See
id.*  The record reflects that Jenkins' contention that the

3

district court erred in failing to suppress his statement regarding discovery of the gun involved in the robbery was addressed and rejected by the Fifth Circuit.  Accordingly, Jenkins' first claim is rejected as it is procedurally barred.

### C.   Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).  Petitioner must meet both prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong.  *See id.* at 697.  The Fifth Circuit has held that trial counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy."  *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  A district court should not "find inadequate representation merely because, with the benefit of hindsight," the court disagrees with trial counsel's strategic choices.  *Id.*  The Fifth Circuit has made it clear that "[a] conscious and informed decision on trial tactics and strategy

4

cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeated the entire trial with obvious unfairness." *Id.* (citing *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). With these principles in mind, the Court considers petitioner's allegations of ineffective assistance of his trial counsel.

Jenkins first claims that he was denied the effective assistance of counsel by his attorney's failure to use an alleged alibi provided by Wood Floor Finishers of Covington, Louisiana, the company he worked for at the time of the robbery. Jenkins asserts that his attorney refused to use this purported alibi even though he asked her to do so. Jenkins, however, provides no additional factual details as to this alibi. Without further evidence to support his claim as to this alleged alibi, the Court cannot find that petitioner has carried his burden to show either prong of the *Strickland* test. Jenkins next claims that he was denied effective assistance of counsel by his attorney's failure to exclude the gun and failure to include ballistics evidence at trial. Once again, petitioner fails to present any specific facts that would support a finding that counsel's performance fell below an objective standard of reasonableness, or that but for counsel's deficient performance, the likely outcome of the

proceeding would have been different.  Because he cannot satisfy either prong of the *Strickland* test, petitioner's ineffective assistance of counsel claims must be denied.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's Section 2255 motion to vacate, set aside, or correct the sentence, and his application for post-conviction relief must be dismissed with prejudice.

New Orleans, Louisiana, this __7th__ day of December, 2006.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE