UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 03-168 |
| AVERY VICTOR JENKINS | SECTION: R |

**ORDER AND REASONS**

Petitioner Avery Jenkins moves to reduce or modify his sentence.[1] The Government opposes the motion.[2] Because Jenkins has not obtained authorization from the United States Court of Appeals for the Fifth Circuit for this application, the Court denies the motion.

**I. BACKGROUND**

On September 30, 2003, a jury found Jenkins guilty of armed bank robbery and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a) & (d) and § 924(c)(1). On April 14, 2004 the Court sentenced Jenkins to a total of 171 months imprisonment. On April 20, 2004 Jenkins filed a timely notice of appeal. On May 10, 2005 the Fifth Circuit affirmed his convictions. *See United States v. Jenkins*,

---

[1] R. Doc. 64.

[2] R. Doc. 68.

No. 04-30429 (5th Cir. May 10, 2005). Jenkins did not petition for a writ of certiorari. He filed a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied on December 7, 2006.[3]

Jenkins now asks the Court to reduce or modify his sentence because the Court did not consider his military record at sentencing.[4] Jenkins also asks the Court to consider his accomplishments since incarceration and his "existing personal characteristics" in evaluating his motion.[5]

## II. DISCUSSION

Although Jenkins does not style his motion as a Section 2255 motion, the Court will consider it as such. Because Jenkins has already filed a Section 2255 motion, this motion constitutes a second or successive habeas petition. A petition is successive when it "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). A district court cannot exercise jurisdiction over a second or

---

[3] R. Doc. 62.

[4] R. Doc. 64 at 2.

[5] *Id.* at 2-3.

successive Section 2255 petition without authorization of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Jenkins has not complied with this requirement; therefore, the Court dismisses the petition.

### III. CONCLUSION

For the foregoing reasons, defendant's motion requesting a reduced or modified sentence is DENIED.

New Orleans, Louisiana, this 27th day of December, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE